IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE HENRY AND JANE VONDERLIETH FOUNDATION, an Illinois not-for-profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, a national Banking association, and HOWARD G. WACHENFELD,<br><br>    Defendants. | Case No. 18-3039 |

## OPINION

RICHARD MILLS, United States District Judge:

Defendant Howard G. Wachenfeld's motion to dismiss for lack of personal jurisdiction is pending.

### I.     BACKGROUND

This action was removed from the Logan County Circuit Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the subject matter.

In its First Amended Complaint, Plaintiff The Henry and Jane Vonderlieth Foundation states that it is a not-for-profit corporation formed to operate the Henry

1

and Jane Vonderlieth Living Center in Mt. Pulaski, Logan County, Illinois, and is sole beneficiary of the Henry L. Vonderlieth and Jane L. Vonderlieth Trusts. Pursuant to the Last Will and Testament and Codicil of Mr. Vonderlieth (who died in 1968) and the Last Will and Testament of Mrs. Vonderlieth (who died in 1969), two testamentary trusts were established. After the deaths of the Vonderlieths, the Trustee was directed to consolidate said Trusts and fund a single Trust for the purpose of the construction and operation of a hospital in Mt. Pulaski, Illinois.

Defendant Wells Fargo Bank is the successor Trustee of the Henry L. Vonderlieth Trust. Defendant Howard G. Wachenfeld acts as Co-Trustee, along with Wells Fargo Bank, of the Jane L. Vonderlieth Trust.

The Plaintiff alleges it was the consensus of its initial Board members, the corporate trustee and Defendant Howard G. Wachenfeld, that it would not be feasible to construct a hospital, but instead, that a nursing home facility would be constructed and operated. The nursing home was constructed in October 1973 and continues to be operated by Plaintiff as a not-for-profit corporation. Mr. Wachenfeld, a New Jersey resident and attorney, was actively engaged in these discussions and the decisions that were made relative thereto. Wachenfeld exercised approval and disapproval in the choice of architects, construction plans, the number of persons the facility would provide nursing home services for and the financing of the construction from the trust funds.

The Plaintiff alleges Mr. Wachenfeld frequently corresponded and communicated by telephone with Thomas M. Harris, the Living Center's attorney. Throughout the years from the inception of the Henry and Jane Vonderlieth Living Center, Wachenfeld has been actively engaged in approving and denying distributions of income and principal from the Jane Vonderlieth Trust. He has exercised discretion in approving expenditures of funds for improvements to the Living Center, such as new telephone systems, the construction of an on campus physician's office and pharmacy and repairs to the nursing home facilities.

The Plaintiff further alleges that the Co-Trustees' failure to follow prudent investment standards has resulted in a failure to achieve the proper growth in the corpus of the trust. It asserts that, if the trust assets had been properly invested, the trust corpus would now be worth in excess of $3,600,000.00, rather than the present value of approximately $944,488.00. The First Amended Complaint contains a similar allegation against Wells Fargo Bank, which states that if the trust assets had been invested as directed in the Will of Henry Vonderlieth, the trust corpus would now be worth in excess of $11,800,000.00, rather than the present value of approximately $2,884,259.00.

The First Amended Complaint contains six counts. Counts I (Demand for Accounting), II (Breach of Duty of Loyalty) and III (Breach of Fiduciary Duty) relate to the Henry Vonderlieth Trust and are asserted against Defendant Wells Fargo

Bank. Counts IV, V and VI relate to the Jane Vonderlieth Trust and assert the same claims against Defendants Wells Fargo Bank and Howard G. Wachenfeld.

Defendant Howard G. Wachenfeld moves for dismissal for lack of personal jurisdiction. Mr. Wachenfeld claims that he lacks the required "minimum contacts" for an exercise of personal jurisdiction. He did not purposely avail himself of Illinois and his contacts do not arise from suit-related conduct. Moreover, Mr. Wachenfeld alleges he must have a relationship with Illinois and not merely the Plaintiff in order for there to be personal jurisdiction.

## II. DISCUSSION

### A. Legal standard

In considering a motion to dismiss under Rule 12(b)(2), the Court accepts the Plaintiff's allegations concerning personal jurisdiction unless the allegations are refuted through undisputed affidavits. *See Swanson v. City of Hammond*, 411 F. App'x 913, 915 (7th Cir. 2011).

### B. Personal jurisdiction

The Plaintiff first contends that Wachenfeld consented to personal jurisdiction by filing a Notice of Consent to Removal, effectively joining the co-Defendant's Notice of Removal. However, the Court concludes that signing a consent to removal is not the functional equivalent of submitting a pleading or motion. This is particularly true given that a defendant can remove a case to federal court and then

move to dismiss for lack of jurisdiction. *See Damasco v. Clearwire Corp.*, 10 CV 3062, 2010 WL 3522950, at *4 (N.D. Ill. Sept. 2, 2010), aff'd, 662 F.3d 891 (7th Cir. 2011).

"Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Under the Constitution, the inquiry is whether it is "fair and reasonable" to require the nonresident defendant to answer the plaintiff's claim; he must have contacts or ties with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). A defendant must purposefully avail itself of the privilege of conducting activities within a state, thereby invoking the protection of its laws. *See Burger King Co. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). The contacts must create a "substantial connection" with the state and not be the result of "random," "fortuitous" or "attenuated" contacts. *Id.*

The plaintiff cannot be the sole link between a defendant and the forum. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). While "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff

or other parties," his "relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 286.

Mr. Wachenfeld claims that the entirety of his involvement in this litigation stems from his service as an estate planning attorney in New Jersey more than 50 years ago. He has since continued to serve in a fiduciary capacity subject to the laws of New Jersey. He did not target the Vonderlieths for service as an estate planning attorney or trustee in Illinois. The State of Illinois is involved in the present litigation due to the Vonderlieths' designation of an Illinois beneficiary, thereby necessitating Wachenfeld interact with said beneficiary in his role as trustee of the Jane Vonderlieth Trust. Wachenfeld alleges that his contacts do not arise from suit-related conduct.

Additionally, Wachenfeld alleges that if the Plaintiff's factual allegations are taken as true, Plaintiff is still the only link Wachenfeld has to Illinois.

In *Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012), the Seventh Circuit considered whether a defendant's multiple communications to plaintiffs in Wisconsin constituted actions "purposefully directed" at the forum state regarding a fraudulent scheme. *See* id. at 673. The scheme involved alleged misrepresentation regarding a contract to purchase a condominium in Mexico. *See id*. at 669. The Seventh Circuit considered whether the defendant's multiple communications (emails, letters and phone calls) directed to plaintiff's Wisconsin address and which

misled plaintiff regarding the Mexico condominium project were sufficient to establish personal jurisdiction. *See id*. at 673. The court determined these misrepresentations were "expressly aimed" at Wisconsin and his actions thus were purposefully directed at the forum state. *See id*. at 676.

The Plaintiff alleges Wachenfeld's contacts do arise from suit-related conduct. From 1969 to 2015, moreover, Wachenfeld received over $85,000 in trustee fees.

Attached to the Plaintiff's response is the Affidavit of Tom Cross, past president of the Board of Plaintiff Henry and Jane Vonderlieth Living Center, and member of the Board for fourteen years. Cross states that Wachenfeld frequently corresponded with him regarding distributions of both income and principal from the Jane Vonderlieth Trust, the construction of the Living Center and the operation of the Living Center.

Also attached to the Plaintiff's response is the Affidavit of James Hild, Secretary of the Board of the Henry and Jane Vonderlieth Living Center. Hild states that Wachenfeld has sent financial statements and trustee reports to Plaintiff from 1968 through 2016. According to Hild, Wachenfeld made 128 distributions and sent 190 trustee reports to Plaintiff in Mt. Pulaski, Illinois. The Plaintiff contends that through these acts, Wachenfeld was able to commit the tortious act of breach of fiduciary duty.

Wachenfeld disputes many of these allegations.

The Plaintiff alleges that each action taken was for the detriment or benefit of the Trust's sole Illinois-based beneficiary. It contends Wachenfeld's activities in approving distributions to the Vonderlieth Center and mismanaging trust corpus growth directly affected the indigent elderly in Illinois who rely on the benevolent services provided by the Vonderlieth Center. The Plaintiff further asserts Wachenfeld's actions prevented the Trust from helping even more Illinois people since the Trust was mismanaged and suffered smaller growth in earnings at Wachenfeld's hands.

Although the facts of *Felland* are distinguishable, the reasoning applies and the Court finds that Wachenfeld has the requisite minimum contacts with Illinois for the Court to have personal jurisdiction. The Court recognizes that Wachenfeld disputes some of the allegations contained in the supporting affidavits. At this stage, however, the Court must accept the allegations. *See Swanson*, 411 F. App'x at 915. Wachenfeld knew that the sole trust beneficiary was an Illinois resident, he directed many communications with Illinois over the years and, assuming the truth of the Plaintiff's allegations, knew that harm and damage would result in Illinois. Those are some of the same considerations that were important in *Felland*.

Given the nature of the Plaintiff's claims—demand for accounting, breach of fiduciary duty and breach of duty of loyalty, relating to the Jane Vonderlieth Trust—

the Court finds that Wachenfeld's alleged contacts do arise from suit-related conduct. The Plaintiff's claims are based on Wachenfeld's alleged actions as Trustee.

Based on the foregoing, the Court will deny the motion to dismiss.

Ergo, the motion of Defendant Howard G. Wachenfeld to dismiss for lack of personal jurisdiction [d/e 14] is DENIED.

ENTER: April 2, 2019

    FOR THE COURT:         /s/ *Richard Mills*
                                              Richard Mills
                                              United States District Judge